UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARYL J. DAVIS,

                              Plaintiff,

            -against-

PORT JERVIS COMMUNITY
DEVELOPMENT,

                              Defendant.

20-CV-1341 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action asserting that Defendant discriminated against him by terminating his status as a Section 8 tenant. By order dated June 18, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff drafted this complaint using a form complaint for the New York State Court of

Claims. He alleges that he resides in Port Jervis, New York, and that "[he] received a termination

of Section 8 notice date[d] April 17, 2019 from the PJCDA." (ECF No. 1 at ¶ 2.) He asserts that

Defendant's actions resulted in "defamation of [his] integrity and character N [sic] stress." (*Id.* at

¶ 5.) On February 28, 2020, Plaintiff filed a letter requesting that the Court "add the date of 11-

30-2019 or switch the date to this date or use both." (ECF No. 5.) He seeks unspecified relief.

## DISCUSSION

Plaintiff's complaint does not include enough facts to show that he is entitled to relief.

The Court cannot accept a statement like, "my rights were violated," as true because it is simply

a legal conclusion. The Court therefore grants Plaintiff leave to amend his complaint to allege facts that make it plausible that he is entitled to relief.

### A.     The Housing Act of 1937, 42 U.S.C. § 1437f

Plaintiff seeks damages for Defendant's alleged violation of his constitutional rights or other federal statutes; the Court therefore construes his complaint as arising under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff brings this action based on his status as a recipient of subsidies under Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f.[1] There is no right, however, under the United States Constitution to housing benefits. *See generally*, *Lindsey v. Normet*, 405 U.S. 56, 74 (1972) ("We do not denigrate the importance of decent, safe, and sanitary housing. But the Constitution does not provide judicial remedies for every social and economic ill. We are unable to perceive in that document any constitutional guarantee of access to dwellings of a particular quality . . . . Absent constitutional mandate, the assurance of adequate housing and the definition of landlord-tenant relationships are legislative, not judicial, functions.").[2] Nor is there a private

---

[1] Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f, assists low income families in securing a decent place to live and promotes economically mixed housing. 42 U.S.C. § 1437f(a). Under the program, private landlords are provided with federal housing subsidies for each qualified tenant who occupies an approved housing unit and qualifying tenants pay a portion of their income to the landlord. § 1437a(a).

[2] Persons already receiving housing benefits, however, have a protected property interest in continuing to receive such assistance, and the Fourteenth Amendment forbids the state from terminating that person's benefits without minimal due process. *See Goldberg v. Kelly*, 397 U.S. 254, 266-71 (1970) (due process includes (1) timely and adequate notice, including reasons for proposed termination, (2) opportunity to be heard at pre-termination hearing, including the right to present evidence and confront and cross-examine witnesses, (3) right to be represented by counsel at the hearing, (4) a written decision, including the reasons for the determination and the evidence on which decision maker relied, and (5) an impartial decision maker).

cause of action under the Housing Act to bring claims against a private landlord for violations of Section 8. *See Rivera v. Phipps Houses Services, Inc.*, No. 01-CV-2324 (HB), 2001 WL 740779, at *4 (S.D.N.Y. June 29, 2001); *McNeill v. New York City Hous. Auth.*, 719 F. Supp. 233, 248 (S.D.N.Y. 1989); *see also Salute v. Stratford Greens Garden Apartments*, 136 F.3d 293, 298-99 (2d Cir. 1998) (casting doubt that an implied private right of action in favor of a Section 8 certificate holder existed under the statute); *Swift v. McKeesport Hous. Auth.*, No. 08-CV-275 (JFC), 2009 WL 3856304, *10, FN 4 (W.D. Pa. Nov. 17, 2009) (listing cases from various courts finding no express or implied private right of action under Section 8 of the Housing Act); *Green v. Konover Residential Corp.*, No. 3:95-CV-1984 (GLG), 1997 WL 736528, at *9 (D. Conn. Nov. 24, 1997) (no private right of action to bring claims against private landlord under Section 8). Therefore, if Plaintiff seeks damages for violation of his constitutional rights or for Defendant's noncompliance with federal housing statutes, he cannot state a claim under federal law, and the claim must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

If Plaintiff wishes to challenge the termination of his Section 8 benefits, he can seek judicial review of the decision or the failure to act under Article 78 of the New York Civil Practice Law and Rules. *See* N.Y.C.P.L.R. § 7801 (relief available under Article 78 includes relief previously sought by state-court writs of *certiorari*, *mandamus*, and prohibition); *Nenninger v. Vill. of Port Jefferson*, 509 F. App' x 36, 39 n.2 (2d Cir. 2013) (summary order); *Campo v. N.Y.C. Emp. Ret. Sys.*, 843 F.2d 96, 101 (2d Cir. 1988); *Gregory v. Inc. Vill. of Centre Island*, No. 14-CV-2889, 2015 WL 5093623, at *7 (E.D.N.Y. Aug. 28, 2015).

## B. The Fair Housing Act

Because Plaintiff may be seeking to assert a claim that Defendant subjected him to discrimination, the Court will consider whether his claims may fall under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.* The FHA "broadly prohibits discrimination in housing . . . ."

*Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status . . . national origin" or disability. 42 U.S.C.§ 3604(b), (f). The FHA also prohibits retaliation against persons who have asserted their rights under the FHA. *See id.* § 3617 (unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [among others, §§ 3604 and 3605] of this title").

Even based on a liberal reading of Plaintiff's allegations, the Court is unable to conclude that this action can proceed under the FHA. Plaintiff does not allege facts suggesting that Defendant discriminated against him, or retaliated against him, on the basis of any FHA factors. Because Plaintiff is proceeding *pro se*, however, the Court will allow him to amend his complaint to allege any facts supporting a claim under the FHA.

**C.     State-Law Claims**

Plaintiff asserts that Defendant "defamed his integrity and character." But defamation is a state, not federal, claim, and federal courts are courts of limited jurisdiction. Under 28 U.S.C. § 1367(c)(3), a federal district court is authorized to decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all of the federal claims over which it had original jurisdiction. *See, e.g., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("Generally, when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.").

Because it is not clear that Plaintiff can state any federal claim, the Court will determine at a later time whether to exercise supplemental jurisdiction over any state-law claims Plaintiff

seeks to raise in the complaint. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claims remained).

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to allege facts that state a claim under the FHA or another federal statute. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-1341 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   July 10, 2020
         New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                              State                Zip Code

_____

Telephone Number                          Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                 Zip Code

Defendant 2: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                 Zip Code

Defendant 3: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                 Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                  State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.