UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARYL J. DAVIS,

                Plaintiff,

         -against-                     20-CV-1341 (LLS)

PORT JERVIS COMMUNITY DEVELOPMENT;    ORDER OF DISMISSAL
NORA GALLAGHER/GOETZ; VALERIE
MAGINSKY, MANAGER,

                Defendants.

LOUIS L. STANTON, United States District Judge:

      Plaintiff Daryl J. Davis, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint alleging that Defendant Port Jervis Community Development discriminated against him by terminating his status as a Section 8 tenant. By order dated July 10, 2020, the Court directed Plaintiff to amend his complaint to allege facts that state a claim under the Fair Housing Act (FHA) or another federal statute. On September 11, 2020, Plaintiff filed a letter requesting an extension of time to comply with the Court's July 10, 2020 order. (ECF No. 8.) By order dated September 15, 2020, the Court granted Plaintiff an additional 60 days to comply. (ECF No. 9.) Plaintiff filed an amended complaint on November 5, 2020 (ECF No. 10), and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In his amended complaint, Plaintiff again names Port Jervis Community Development, as a defendant. He also names Nora Gallagher/Goetz and Manager Valerie Maginsky, as defendants. Plaintiff alleges "breech of contract, discrimination, negligence, and more." (ECF

No. 10 at 2.) Plaintiff's amended complaint is not the model of clarity. Plaintiff appears to allege that Defendants' actions caused Plaintiff problems with his landlord and resulted in the termination of Plaintiff's Section 8 benefits.[1] Plaintiff seeks monetary damages, and "to have [his] section 8 voucher and housing reinstated." (ECF No. 10 at 7.)

## DISCUSSION

### A.    Section 8 Benefits

The Court again advises Plaintiff that if he wishes to challenge the termination of his Section 8 benefits, he can seek judicial review of the decision or the failure to act under Article 78 of the New York Civil Practice Law and Rules. *See* N.Y.C.P.L.R. § 7801 (relief available under Article 78 includes relief previously sought by state-court writs of *certiorari*, *mandamus*, and prohibition); *Nenninger v. Vill. of Port Jefferson*, 509 F. App' x 36, 39 n.2 (2d Cir. 2013) (summary order); *Campo v. N.Y.C. Emp. Ret. Sys.*, 843 F.2d 96, 101 (2d Cir. 1988); *Gregory v. Inc. Vill. of Centre Island*, No. 14-CV-2889, 2015 WL 5093623, at *7 (E.D.N.Y. Aug. 28, 2015).

### B.    The Fair Housing Act

Because Plaintiff alleges that Defendants discriminated against him, the Court again considers whether Plaintiff's claims fall under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.* The FHA "broadly prohibits discrimination in housing . . . ." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status . . .

---

[1] Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f, assists low income families in securing a decent place to live and promotes economically mixed housing. 42 U.S.C. § 1437f(a). Under the program, private landlords are provided with federal housing subsidies for each qualified tenant who occupies an approved housing unit and qualifying tenants pay a portion of their income to the landlord. § 1437a(a)

national origin" or disability. 42 U.S.C.§ 3604(b), (f). The FHA also prohibits retaliation against persons who have asserted their rights under the FHA. *See id.* § 3617 (unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [among others, §§ 3604 and 3605] of this title").

Even based on a liberal reading of Plaintiff's allegations, the Court is unable to conclude that this action can proceed under the FHA. Plaintiff does not allege facts suggesting that Defendant discriminated against him, or retaliated against him, on the basis of any factors prohibited under the FHA. Plaintiff's claim of discrimination is therefore dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C.   **State-Law Claims**

Under 28 U.S.C. § 1367(c)(3), a federal district court is authorized to decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all of the federal claims over which it had original jurisdiction. *See, e.g., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("Generally, when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.").

Because Plaintiff fails to state any federal claim, the Court declines to exercise supplemental jurisdiction over the state-law breach of contract and negligence claims Plaintiff seeks to raise in the complaint. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claims remained).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity

to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated:   April 23, 2021
         New York, New York

                                                    _____
                                                            Louis L. Stanton
                                                               U.S.D.J.